UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JUDGE FURMAN

15 CV 2811

---------------------------------------------------------X

FURQUAN CRAFT

                Plaintiff,

      - against -

THE CITY OF NEW YORK,
POLICE OFFICER MICHAEL MCINNIS
(Shield # 18730), in his individual and official
capacity as an employee of the City of New York
Police Department;

                Defendants.

---------------------------------------------------------X

           COMPLAINT

           JURY TRIAL
           DEMAND

## INTRODUCTION

1.     This is a civil rights action brought by Plaintiff, Furquan Craft, seeking relief for the Defendants' violation of Plaintiff's rights secured by the Civil Rights Act, 42 U.S.C. § 1983, his rights secured by the Fourth Amendment to the United States Constitution, and his rights under the common law of the State of New York.

2.     Defendant Police Officer McInnis escalated a minor criminal matter – possession of marijuana – that would have been quickly resolved with a non-criminal disposition at Mr. Craft's first appearance in Manhattan Criminal Court, into a more serious matter that took an additional three court appearances over the course of four months to resolve because Officer McInnis maliciously claimed a knife found in Mr. Craft's pocket was an unlawful weapon under the New York Penal Law.

3.   Plaintiff brings this action to challenge violations of his constitutional right to be secure from unreasonable seizure of his person.  Plaintiff also seeks to vindicate his right to be free from malicious prosecution.

4.   Plaintiff seeks relief for the damages he suffered as a direct result of Defendants' violation of his constitutional rights and malicious prosecution.

## PARTIES

5.   Plaintiff, FURQUAN CRAFT, is a resident of New York County and the State of New York.

6.   Defendant, THE CITY OF NEW YORK, ("Defendant City" or "the City") is a municipal corporation duly incorporated in the State of New York.

7.   Defendant City of New York maintains the New York Police Department ("NYPD") pursuant to Chapter 18, § 431 of its Charter.

8.   The NYPD acts as an agent of the City, which assumes the risks incidental to the maintenance of the police force and the employment of police officers, and which is ultimately responsible for the actions of its agent.

9.   At all relevant times, Defendant City and NYPD hired, employed, supervised and controlled the individual Defendant.

10.   Defendant POLICE OFFICER MICHAEL MCINNIS ("Defendant Officer"), Shield Number 18730, is and was at all times relevant herein, an officer and employee of the NYPD, and an agent of the City acting in his official capacity.

11.   Defendant Officer was on duty with the NYPD on September 14, 2013 and at all times relevant herein.

12. At all times relevant herein, Defendant Officer was acting under the color of state law in the course and scope of his duties and functions as agent, employee and officer of the Defendant City. At all times relevant herein, the individual Defendant acted on behalf of the City and/or the NYPD with the power and authority vested in him as an employee and agent of the City and/or the NYPD.

## JURISDICTION

13. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action arises under the United States Constitution, specifically under the Fourth Amendment, and under federal law, specifically the Civil Rights Act, Title 42 of the United States Code, Section 1983.

14. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

15. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

16. Pursuant to Federal Rule of Civil Procedure 38, the Plaintiff demands a jury trial in this action on each and every one of Plaintiff's claims.

## NOTICE OF CLAIM

17.    Plaintiff duly filed a Notice of Claim with the City of New York on April 25,

2014, which is within 90 days of the dismissal of the criminal charge on February

6, 2014, when these causes of action arose.

18.    On May 12, 2014, Defendant City served notice of a 50-h hearing on Plaintiff.

19.    The 50-h hearing was conducted on September 16, 2014.

## STATEMENT OF FACTS

20.    Plaintiff Furquan Craft is a 34 year-old African-American male resident of the

State of New York.

21.    Mr. Craft is, and has been at all relevant times herein, a student in good standing

at John Jay College of Criminal Justice.

22.    On September 14, 2013, Mr. Craft entered VIM Drugs, located between 159th and

160th Street on Broadway.

23.    At this time, Mr. Craft was employed by Brightside Academy in Manhattan as a

Maintenance Worker.

24.    Defendant Officer and another police officer approached Mr. Craft shortly

thereafter and asked him if he had just purchased marijuana.

25.    Mr. Craft responded that he had.

26.    Defendant Officer or the other police officer asked Mr. Craft to give them the

marijuana.

27.    Mr. Craft complied.

28.     Mr. Craft was handcuffed and searched by Defendant Officer McInnis, who

        confiscated a pocket-knife from Mr. Craft's pants' pocket.

29.     Mr. Craft was taken to the 33rd Precinct and incarcerated for approximately six

        hours and then released.

30.     Defendant Officer charged Mr. Craft with Possession of Marijuana in the Fifth

        Degree, in violation of New York Penal Law 221.10(1), and Criminal Possession

        of a Weapon in the Fourth Degree, Firearm/Weapon, in violation of New York

        Penal Law 265.01(1).

31.     On October 3, 2013, Defendant Officer McInnis signed a criminal complaint,

        under penalty of perjury, that charged Mr. Craft with Possession of Marijuana in

        the Fifth Degree in violation of New York Penal Law 221.10(1), and Criminal

        Possession of a Weapon in the Fourth Degree in violation of New York Penal

        Law 265.01(1).

32.     Before being released, Mr. Craft was issued a Desk Appearance Ticket requiring

        him to appear in Manhattan Criminal Court on October 24, 2013 at 9:30 a.m.  The

        Desk Appearance Ticket specified that failure to appear would result in a warrant

        being issued for Mr. Craft's arrest and could result in additional charges under the

        Penal Law, which upon conviction could result in a fine, imprisonment or both.

33.     In that complaint, Defendant Officer McInnis alleged that the knife confiscated

        from Mr. Craft on September 14, 2013 was a "gravity knife" "because [he]

        opened the knife with centrifugal force by flicking [his] wrist while holding the

        knife, thereby releasing the blade which locked in place by means of an automatic

        device that did not require manual locking."

34.     The blade of the knife confiscated from Mr. Craft does not open or release with
        centrifugal force; it is not a "gravity knife."

35.     On October 24, 2013, Mr. Craft traveled to Manhattan Criminal Court, 100 Centre
        Street, New York, New York pursuant to the Desk Appearance Ticket compelling
        him to do so.

36.     At that time, Mr. Craft appeared in Criminal Court and learned that he had been
        charged not only with Criminal Possession of Marijuana, but also with possession
        of a "gravity knife."

37.     Before learning this, Mr. Craft had expected the marijuana charge would be
        expeditiously resolved that day through a non-criminal disposition.

38.     At the October 24, 2013 arraignment, the New York County District Attorney (the
        "Prosecution") did not offer to Adjourn the matter in Contemplation of Dismissal
        (ACD) nor offer to reduce the marijuana charge to a non-criminal offense as
        would be routinely done if the sole charge were Criminal Possession of Marijuana
        in the Fifth Degree.

39.     Instead, the Prosecution recommended that Mr. Craft be sentenced to two days of
        community service if he pleaded guilty to both misdemeanor charges.

40.     Mr. Craft did not plead guilty.

41.     The presiding judge ordered Mr. Craft to return to Criminal Court on December 5,
        2013.  Again, failure to appear in court on the specified date would have resulted
        in issuance of an arrest warrant and possible additional criminal charges, which,
        upon conviction, could result in fines, imprisonment or both.

42.     On December 3, 2015, the Assistant District Attorney assigned to the case,
        Angelica Gregory, would not offer a non-criminal disposition as to the
        misdemeanor marijuana charge, due to the gravity knife charge.

43.     On December 5, 2013, Mr. Craft appeared for a second time in Manhattan
        Criminal Court.  The Prosecution now recommended a sentence of three days
        community service if Mr. Craft entered a plea of guilty to both misdemeanor
        charges.

44.     At this December 5, 2013, court appearance, Mr. Craft did not plead guilty. The
        presiding judge ordered Mr. Craft to return to Criminal Court on February 6,
        2014.  Once again, failure to appear in court on the specified date would have
        resulted in issuance of an arrest warrant and possible additional criminal charges,
        which, upon conviction, could result in fines, imprisonment or both.

45.     On January 13, 2014, Mr. Craft's defense counsel made a demand for discovery
        that requested, among other things, inspection of the knife confiscated from Mr.
        Craft at the time of his arrest.

46.     On February 5, 2014, Defendant Officer McInnis produced the pocket-knife
        confiscated from Mr. Craft at the Prosecution's office for inspection and testing.
        Assistant District Attorney Allie Russell was present.  The pocket-knife was
        presented in a sealed NYPD voucher bag and was the same knife confiscated
        from Mr. Craft at the time of his arrest.

47.     On February 5, 2014, Defendant Officer McInnis declined to test the knife
        claiming he had an injured finger.

48.    Instead, Alexander McHugh, a member of Mr. Craft's defense team, tested the knife in the presence of Defendant Officer McInnis and ADA Russell.

49.    Alexander McHugh flicked his wrist while holding the knife; the knife did not open or release by centrifugal force.

50.    ADA Russell immediately determined the knife was not a gravity knife.

51.    Defendant Officer McInnis remained silent and did not object to ADA Russell's determination that the knife was not a gravity knife.

52.    On February 6, 2014, Mr. Craft appeared for a third time in Manhattan Criminal Court.  The prosecution moved to dismiss the gravity knife charge and the presiding judge formally dismissed the charge of Criminal Possession of a Weapon in the Fourth Degree.

53.    Without further discussion between the prosecution and defense counsel, at this same court date, the prosecution offered to reduce the marijuana misdemeanor charge to a non-criminal violation with a sentence of either a fine or one day of community service.   The matter was not resolved.

54.    On March 13, 2014, Mr. Craft was required to return to Criminal Court for a fourth time at which time the prosecution offered Mr. Craft a non-criminal disposition on the marijuana charge without a condition of a fine or community service.  Mr. Craft entered a plea of guilty to section 240.20 of the New York Penal Law, Disorderly Conduct, to fully cover the remaining marijuana charge.

55.    Defendant Officer had no probable cause to arrest and charge the Plaintiff with Criminal Possession of a Weapon, but did so with malice and in bad faith.

56.   The Defendants caused the Plaintiff substantial injury due to the wrongful charge brought against him.

## CAUSES OF ACTION

## MALICIOUS PROSECUTION OF THE PLAINTIFF IN VIOLATION HIS CIVIL RIGHTS PROTECTED BY 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT

57.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

58.   The Defendant Officer, by his conduct, as described herein, and acting under color of state law, deprived Mr. Craft of his right to be free from unreasonable seizure of his person and his right to be free from malicious prosecution without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments and such Defendants are liable for violation of 42 U.S.C § 1983.

59.   On September 14, 2013, Defendant Officer McInnis arrested Mr. Craft and initiated criminal charges against Mr. Craft.  Defendant Officer signed and issued a Desk Appearance Ticket to the Plaintiff and commenced a criminal action against Mr. Craft.

60.   On October 3, 2013, Defendant Officer McInnis swore under penalty of perjury that the knife he confiscated from Mr. Craft on September 14, 2013 was a "gravity knife," an illegal weapon under the New York Penal Law.

61.   Defendant Officer McInnis lacked probable cause to charge Mr. Craft with Criminal Possession of a Weapon in the Fourth Degree in violation of New York Penal Law 265.01(1) because the knife did not open or release as Defendant

Officer McInnis represented to the Prosecution and swore to in the criminal complaint.

62. Defendant Officer made a bad faith representation to the Prosecution and in the sworn complaint dated October 3, 2013.

63. Plaintiff's person was seized on numerous occasions in which he was forced to appear in court to defend himself against the wrongful weapon possession charge.

64. Following the October 24, 2013 arraignment, Mr. Craft was required to report to the Manhattan Criminal Courthouse on December 5, 2013, February 6, 2014, and on March, 13, 2014 under threat of further deprivation of liberty.

65. On February 6, 2014, the Prosecution dismissed the charge of Criminal Possession of a Weapon in the Fourth Degree in violation of New York Penal Law 265.01(1) and thus this charge was resolved in the Plaintiff's favor.

66. Mr. Craft suffered pecuniary, emotional, psychological, and social harm and humiliation as a direct result of Defendants' malicious initiation of a criminal action against his person and due to Mr. Craft's post arraignment deprivation of liberty.

67. Accordingly, Mr. Craft is entitled to damages caused by the Defendants' clear violation of his civil rights.

## DEFENDANTS COMMITTED THE STATE TORT OF MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S RIGHTS

68. Mr. Craft repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

69.    The Defendants' malicious prosecution of Mr. Craft stripped him of rights he is entitled to by the common law of the State of New York.

70.    Defendant City of New York is vicariously liable for the tort of malicious prosecution committed by its employee, Officer McInnis, in the course of his employment.

71.    Defendant, City of New York, by and through its policy-makers and decision-makers, acquired knowledge of the conduct of Defendant Officer McInnis.

72.    Defendant, City of New York, by and through its policy-makers and decision-makers, approved, ratified, and adopted the conduct of Defendant Officer McInnis.

73.    That the foregoing acts occurred as the result of the deliberate indifference of the defendant, City of New York.

74.    Alternatively, that the foregoing acts occurred as the result of the carelessness and negligence of the defendant, City of New York.

75.    In addition, Defendant, City of New York, negligently and carelessly failed to adequately hire, train and supervise its employee, Defendant Officer McInnis.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.  For a judgment for compensatory damages against the Defendants;

b.  For a judgment of punitive damages against the Defendant Officer;

c.  For an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and costs and

disbursements of this action;

d.  For such other and further relief to which Plaintiff may show himself to be justly entitled.

Dated: April 10, 2015

Respectfully Submitted,

Martha Rayner, Esq., NY-1423

Lincoln Square Legal Services,
Fordham University School of Law
150 West 62nd St., 9th Floor
New York NY 10023

212-636-6934
mrayner@lsls.fordham.edu